IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MAGDA J. GARCIA and ) | |
| AURORA HERNANDEZ, d/b/a ) | |
| GUARDIAN HEALTHCARE, a Texas ) | |
| General Partnership, ) | |
| CARLOS CRUZ, an Individual and Citizen ) | |
| of the State of Texas, ) | |
| DAVID MARTINEZ, an Individual and ) | |
| Citizen of the State of Texas ) | |
| Acting on the Public Interest, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 7:12-cv-00177 |
| ) | |
| CHRIS TRAYLOR, the Commissioner of ) | |
| TEXAS DEPARTMENT OF AGING ) | |
| AND DISABILITY SERVICES, ) | |
| a governmental Entity of the State of Texas, ) | |
| in her Individual Capacity, ) | |
| WILLIAM CAMPBELL, the Section Manager ) | |
| of Community Services, an agency within ) | |
| the TEXAS DEPARTMENT ) | |
| OF AGING AND DISABILITY SERVICES, ) | |
| a governmental entity of the State of Texas, ) | |
| in his Individual Capacity, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT – CLASS ACTION
AND APPLICATION FOR INJUNCTIVE RELIEF**

COMES NOW, MAGDA I. GARCIA and AURORA HERNANDEZ d/b/a GUARDIAN HEALTHCARE, CARLOS CRUZ, and DAVID MARTINEZ, Plaintiffs herein, and others similarly situated, and file this their Original Complaint – Class Action and Application for Injunctive Relief, and states as follows:

## PRELIMINARY STATEMENT

1. This a civil action alleging violation of the U.S. Constitution by officers, employees, and contractors of the Texas Department of Aging and Disability Services (DADS). Plaintiffs operate Guardian Healthcare, a home care provider participating in Texas's Primary Home Care/Family Care ("PHC/FC") Programs. Acting under the authority of DADS's promulgated regulations and state law, Defendant Traylor and Campbell instituted a scheme, while acting within the course and scope of their employment with DADS, to improperly terminate Plaintiffs' PHC/FC contract and deprive Plaintiffs of its clearly established Constitutional right to Due Process of Law to contest the adverse action. Additionally, Defendants also imposed a vendor hold on payment owed to the provider for services rendered to its patient/consumers. Under PHC/FC rules and the provider's contract, the participating provider has the right to a hearing on any adverse action. Specifically, the provider agency has the right to appeal contract termination by filing a written request for hearing with 15 days of receiving notice of the termination. Plaintiffs timely filed an appeal. DADS counsel has advised the provider that the underlying basis for the action was the provider's alleged failure to notice a change of ownership. Plaintiffs has submitted to DADS evidence from the owner (and holder of the license) that there has been no sale or transfer of ownership. Thus, Defendants, clothed in the authority of state law, are improperly using their office, authorities, processes, and sanctions, and denying Plaintiffs its right to Due Process of Law. For its injuries, Plaintiffs seeks compensatory damages, punitive damages, and prospective injunctive relief. Additionally, Plaintiffs seeks attorney's fees as well.

## PARTIES

2. Plaintiff, MAGDA I. GARCIA and AURORA HERNANDEZ d/b/a GUARDIAN HEALTHCARE, a Texas General Partnership, and holder of the Home and Community Support Services Agency ("HCSSA") License No. 010067, a home care provider located in San Juan, Texas.

3. Plaintiff, CARLOS CRUZ, an individual and citizen of the State of Texas.

4. Plaintiff, DAVID MARTINEZ, an individual and citizen of the State of Texas.

5. Defendant, CHRIS TRAYLOR, in his individual capacity, is the Commissioner of DADS, a governmental agency. Service of Process may be made by serving Chris Traylor, DADS, with a copy of the summons and complaint at 701 West 51st Street, MC:W 235, Austin, Texas 78751. Fed.R.Civ.P. 4(j)(2).

6. Defendant, WILLIAM CAMPBELL, in his individual capacity, is the DADS's Section Manager for Community Services Contracts. Service of Process may be made by serving Mr. Campbell, with a copy of the summons and complaint at 701 West 51st Street, MC:W 235, Austin, Texas 78751. Fed.R.Civ.P. 4(j)(2).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the lawsuit because the action arises under 42 U.S.C. §1983 and *Ex parte Young,* 209 U.S. 123 (1908). Specifically, Defendants are acting under a custom or policy that allows officials within DADS to initiate administrative actions and impose sanctions under promulgated regulations in such a manner that healthcare providers, like those operated by Plaintiffs, have their PHC/FC contract terminated but are denied Due Process

of Law to contest the adverse action.

8. The Court also has jurisdiction pursuant to 28 U.S.C. §1331 because the action arises under the Fourteenth Amendment of the U.S. Constitution. Jurisdiction is based upon violation of Plaintiffs' Due Process rights guaranteed by the Fourteenth Amendment of the U.S. Constitution.

9. Further, the court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' claim against Defendants because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

10. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## WAIVER OF IMMUNITY

11. The concepts of governmental immunity and official immunity provided under the laws of the State of Texas do not apply in matters alleged to violate the Due Process Clause of the 14th Amendment of the U.S. Constitution and 42 U.S.C. §1983. Specifically, Defendants have acted with callous and deliberate indifference to Plaintiffs' rights. These rights were violated as a direct and proximate result of implementation and practice of a custom or policy employed by DADS. Further, Defendants Traylor and Campbell instituted a scheme, while acting within the course and scope of their employment with DADS, to illegally terminate the provider's PHC/FC contract and deprive Plaintiffs of their clearly established Constitutional right to Due Process of Law to contest the adverse action.

## **CLASS ACTION ALLEGATIONS**

12. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) on behalf of itself and a Class consisting of healthcare providers participating in the PHC/FC Programs whose Constitutional right to Due Process of Law have been violated by Defendants who, acting under a custom or policy of DADS, have illegally terminated their PHC/FC contract and failed to extend appeal rights required by law to contest the adverse action.

13. This action is properly maintainable as a class action because of the following:

    a. <u>Numerosity</u>: The members of the Class for whose benefit this action is brought are dispersed throughout the state, and are so numerous that joinder of all Class members is impracticable.

    b. <u>Typicality</u>: Plaintiffs' claim is typical of those of the Class as all members of the Class are similarly affected by Defendants' actionable conduct as alleged herein.

    c. <u>Common Questions of Law and Fact Predominates</u>: The questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class. Among the questions of law and fact common to the Class are:

        i. Whether the members of the class have been issued a contract to participate in the PHC/FC Programs;

        ii. Whether the members of the class have been notified by

**AND APPLICATIONS OF INJUNCTIVE RELIEF**      Page 5 of 16

       Defendants that their PHC/FC contract is being terminated;

   iii. Whether the members of the PHC/FC Programs that have been notified of contract termination have been extended appeal rights and an opportunity to contest the adverse action.

 d. <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately protect the interests of the Class in that it has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent the provider and the Class.

 e. <u>Injunctive/Declaratory Class</u>: Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief proper with respect to the Class.

## FACTS

14. Plaintiffs operate Guardian Healthcare, a home care provider that participates in the PHC/FC Programs under a contract (No. 001015060), and HCSSA License No. 010067. Annual revenues generated under the contract are approximately $1.1 Million. The provider has delivered services to PHC/FC participants for almost five (5) years. Attached hereto and incorporated by reference is HCSSA license (Exhibit A).

15. The PHC Program is a nontechnical, medically related personal care service provided to adults whose health problems cause them to be functionally limited in performing activities of daily living, according to a statement of medical need. PHC providers also provider Family Care services. It is funded by Title XIX (Medicaid) and State funds.

16. The FC Program is a nonskilled, nontechnical attendant care service for eligible

adults who are functionally limited in performing activities of daily living. PHC providers have the option of providing these services. FC services are provided by an attendant and do not require the supervision of a registered nurse.

17. On May 24, 2012, DADS notified the provider that it was terminating its PHC/FC contract for "failure to notify Community Services of an assignment of contract." (Exhibit B).

18. Also, on May 24, 2012 DADS notified the provider that it was "placing a vendor hold" on the PHC/FC contract effective June 1, 2012 (Exhibit C).

19. In connection with imposition of the sanctions, DADS began to immediate transfer the provider's patient/consumers.

20. Plaintiffs were advised by DADS counsel that the underlying basis for the adverse action was the provider's alleged failure to notice a change of ownership.

21. On May 31, 2012, an administrative appeal was filed to contest the adverse action, and Plaintiffs immediately furnished evidence from the owner (and holder of the license) that there had been no change of ownership of Guardian Healthcare (Exhibit D).

22. Further, Plaintiffs explained they operated the provider under a management contract, and while they intended to buy the home care provider, there had been no sale or transfer of ownership.

23. Despite committing to investigate the mistaken assumption a change of ownership had occurred, DADS counsel failed to keep her promise that she would inform Plaintiffs whether DADS would refrain from further patient/consumer transfers by Friday, June 1, 2012, or the following Monday morning at the very latest.

24. Not only have they refused to rescind the unwarranted adverse action, Defendants

have accelerated the transfer of the provider's patient/consumers with the obvious intention of destroying the provider.

25. The provider had in approximately 110 patient/consumers that were receiving services under the PHC/FC contract when the sanctions were initially imposed. Defendants have caused the transfer of almost 30 patients. Presently, only 78 patients are on service.

26. On information and belief, Plaintiffs allege that Defendants have taken action to terminate the contracts of similarly situated providers participating PHC/FC, and failed to extend appeal rights required by law and an opportunity to contest the adverse action.

## CONDITIONS PRECEDENT

27. All conditions precedent have been performed or have occurred.

## COUNT 1 - VIOLATION OF CONSTITUTIONAL DUE PROCESS RIGHTS

28. Plaintiffs hereby incorporate by reference paragraphs 1 through 27 above as if fully set forth herein.

29. This is a claim for violation of the Due Process protections guaranteed by the Fifth and Fourteenth Amendment of the U.S. Constitution and for being "deprived of life, liberty, or property without due process of law."

30. The named Defendants violated the Fifth and Fourteenth Amendment to the U.S. Constitution by, among other things, acting under the authority of DADS's promulgated regulations, and having initiated administrative actions and imposed sanctions against Guardian Healthcare described hereinabove that illegally terminated the PHC/FC contract (and imposed vendor hold) and deprived Plaintiffs of their clearly established Constitutional right to Due

Process of Law to contest the adverse action. Defendants' conduct amounts to an unlawful taking in violation of Article 1, §19 of the Constitution of the State of Texas and the Fifth and Fourteenth Amendment of the U.S. Constitution. On information belief, Plaintiffs allege that Defendants are acting with deliberate indifference to the rights of other healthcare providers similarly situated.

31. In so doing, Plaintiffs are deprived of " life, liberty, or property without due process of law." Further, Defendants' actions, orders, approvals, and omissions in violation of the Fifth and Fourteenth Amendment give rise to a claim for relief under 42 U.S.C. §1983.

## COUNT 2 – BREACH OF CONTRACT

32. Plaintiffs hereby incorporate by reference paragraphs 1 through 31 above as if fully set forth herein.

33. Defendants breached the PHC/FC contract by improperly terminating the contract (and imposing vendor hold) and failing to extend meaningful appeal rights required by law. Specifically, the PHC/FC contract was illegally terminated when Defendants initiated transfer of patient/consumers and failed to make available to Plaintiffs a meaningful hearing on the termination and an opportunity to contest the adverse action.

34. The breach was material because Defendants did not substantially perform a material obligation required by the contract.

35. Accordingly, Plaintiffs' injury is a natural, probable, and foreseeable consequence of the Defendants' breach.

## COUNT 3 – VIOLATION OF
## OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

36. Plaintiffs hereby incorporate by reference paragraphs 1 through 35 above as if fully set forth herein.

37. Acting under the authority of DADS's promulgated regulations, custom, or policy, Defendants Traylor and Campbell initiated administrative actions and illegally terminated Plaintiff's PHC/FC contract and deprived Plaintiffs of their clearly established Constitutional right to Due Process of Law to contest the adverse action.

38. On information and belief, Plaintiffs allege that Defendants are acting under a custom or policy that allows responsible DADS officials to illegally terminate Plaintiffs' PHC/FC contract and deprive Plaintiffs of a clearly established Constitutional right to Due Process of Law to contest the adverse action. Although Plaintiffs have a right to appeal the PHC/FCS contract termination, Defendants have acted under a scheme that is designed to deny Due Process of law and the right to contest the adverse action.

39. Defendants Traylor and Campbell have acted with callous and deliberate indifference to the Plaintiffs' rights. Plaintiffs have a right to continue the provider's business, a right to payments under PHC/FC for the services they deliver, and a right to appeal contract termination. Defendants knew or should have known of Plaintiffs' rights, nevertheless Defendants, acting under custom or policy, were allowed to pursue a scheme that was designed to deny Due Process of Law by failing to extend appeal rights required by law. Further, Defendants Traylor and Campbell instituted a scheme to illegally terminate Plaintiff's PHC/FC contract and deprive Plaintiffs of their clearly established Constitutional right to Due Process of

Law to contest the adverse action. Therefore, Defendants intentionally damaged Plaintiffs, knowing full well the provider was entitled to a hearing on the adverse action. Plaintiffs' rights were violated as a direct and proximate result of implementation and practice of a custom or policy employed by Defendants. Acting under the color of law, Defendants worked a denial of Plaintiffs' rights, privileges, or immunities secured and by the U.S. Constitution or by Federal law and guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983.

40. Further, on information belief, Plaintiffs allege that Defendants are acting with deliberate indifference to the rights of other healthcare providers similarly situated.

## PRELIMINARY INJUNCTIVE RELIEF

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 38 above as if fully set forth herein.

42. Plaintiffs would show that Defendants' actions and conduct in terminating the PHC/FC contract without extending appeal rights required by law is an unconscionable abuse of power and constitutes *ultra vires* actions and conduct on the part of DADS and its officials, employees and agents. Under an elaborate scheme, Defendants are terminating the contract of direct service providers but refusing to extend meaning appeal rights or making available a hearing to contest the adverse action. Clearly, Defendants are acting in contravention of contract and regulation by denying Due Process of law.

43. Defendants' conduct is arbitrary, unreasonable, and an abuse of discretion and authority, and amounts to an unconstitutional taking, damaging and/or destroying of Plaintiffs' property rights without adequate Due Process of law and without just compensation.

44.     Plaintiffs would additionally show that the same *ultra vires* conduct committed by Defendants is a violation of Plaintiffs' civil rights.

45.     If Defendants are allowed to continue unchecked they will make a mockery of Due Process of law and they will destroy the provider, which will be unable to continue daily operations and pay its employees.

46.     Moreover, aside from the harsh financial implications that would be visited on the Guardian Healthcare, the PHC/FC participants for which the provider furnishes needed services will be detrimentally affected by the lack of immediately available services. Therefore, it is in these patients best interest to remain with the provider pending resolution of the contract dispute.

47.     As a result, Plaintiffs will suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from terminating Plaintiffs' PHC/FC contract and requiring transfer of patients. Indeed, the value of provider's business will be rendered virtually worthless and the damages incalculable because Plaintiffs would have no adequate remedy at law due in part to the inability under the law to sue a governmental entity for damages.

48.     There is a substantial likelihood that Plaintiffs will prevail on the merits because it is indisputable that there has been no change of ownership, and that Defendants have denied the provider Due Process of law and an opportunity to meaningfully contest the contract termination. Therefore, the action taken by Defendants to terminate the contract is invalid and should be set aside.

49.     Moreover, the harm faced by Plaintiffs outweigh the harm that would be sustained by Defendants if injunctive relief were granted. Defendants conduct is a *ultra vires* and an abuse of power that deprives Plaintiffs of Constitutional rights, while enjoining such conduct ensures

that those rights are protected and is in the best interest of the provider's patients.

50. Issuance of injunctive relief would not adversely affect the public interest and would restrain Defendants' *ultra vires* conduct and the rights guaranteed by the Fourteenth Amendment of the U.S. Constitution.

51. Further, the conduct on the part of Defendants amounts to an unlawful taking in violation of Article 1, §19 of the Constitution of the State of Texas and Amendment XIV, §1 of the U.S. Constitution.

52. Plaintiffs would additionally show that it would be willing to post a bond, if the Court deems it appropriate and necessary, until this Honorable Court has an opportunity to consider the merits of the Plaintiffs' request for injunctive relief.

53. Therefore, in order to preserve the status quo, Plaintiffs seeks injunctive relief prohibiting and enjoining Defendants:

    a. from terminating the provider's PHC/FC contract and right to provide services to program participants;

    b. from requiring transfer of all PHC/FC participants currently being served by the provider; and

    c. by requiring that DADS extend meaningful appeal rights and a hearing on the contract termination.

54. Plaintiffs therefore request that a hearing be set as provided by Federal Rules of Civil Procedure and that the Defendants be cited to appear and show cause why a temporary injunction should not be issued enjoining Defendants, their agents, investigators, servants, employees, attorneys and officers and anyone in concert or participation with them from the acts

and conduct hereinabove described.

## REQUEST FOR PERMANENT INJUNCTIVE RELIEF

55.     Plaintiffs hereby incorporate by reference paragraphs 1 through 52 above as if fully set forth herein.

56.     Plaintiffs ask the Court to set their request for a permanent injunction for a full trial on the merits and, after the hearing, issue a permanent injunction against Defendants because of actions and conduct of Defendants described hereinabove.

## REQUEST FOR DECLARATORY RELIEF

57.     Plaintiffs hereby incorporate by reference paragraphs 1 through 54 above as if fully set forth herein.

58.     Plaintiffs brings this claim for a declaratory judgment under both the Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202.

59.     Plaintiffs would show that Defendants' actions and conduct taken to terminate the PHC/FC contract without extending appeal rights required by law is *ultra vires*, illegal, and an unconscionable abuse of power.  Under an elaborate scheme, Defendants have deprived Plaintiffs of their clearly established Constitutional right to Due Process of Law to contest the adverse action.  Defendants' conduct amounts to an unlawful taking in violation of Article 1, §19 of the Constitution of the State of Texas and the Fourteenth Amendment of the U.S. Constitution.  Further, Defendants' action and conduct and the manner in which they are attempting to construe, interpret and/or enforce DADS's administrative rules or the threatened application of such rules interferes with and impairs, Plaintiffs' legal rights.

60.     Accordingly, Plaintiffs would show that they are entitled to obtain a declaration

from this Honorable Court of the rights, status and legal relationships between Plaintiffs and Defendants concerning the actions described hereinabove.

## JURY TRIAL DEMAND

61   Plaintiffs assert their rights under the Seventh Amendment of the U.S. Constitution and demand trial by jury of this action.

## PRAYER

62.   For these reasons, Plaintiffs ask for judgment against Defendants for the following:

    a.   Actual damages of $3,300,000.00.

    b.   Punitive Damages of $30,000,000.00.

    c.   The entry of a preliminary injunction as hereinabove described.

    d.   The entry of a permanent injunction as hereinabove described.

    e.   A declaration that Defendants are acting without lawful authority in terminating the PCH/FC contract without extending appeal rights required by lawn; that Defendants' actions are conduct are *ultra vires* and illegal; that Defendants, acting under color of state law, are improperly using their office, authorities, processes, and sanctions, and have denied Plaintiffs their right to Due Process of law.

    f.   Costs of suit.

    g.   Recovery of a reasonable attorneys' fee.

    h.   All other and further relief, both at law and at equity, to which Plaintiffs may justly be entitled.

Respectfully Submitted,

KENNEDY
Attorneys & Counselors at Law

_____
MARK S. KENNEDY
Texas Bar No. 24000122/Admit No. 435115
12222 Merit Drive, Suite 1750
Dallas, TX   75251
Phone:  (214) 445-0740
Fax:  (972) 661-9320
markskennedylaw@msn.com

ATTORNEYS FOR PLAINTIFFS